**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DARIO GONZALO TADAY-MISHQUI,<br>*Petitioner*,<br>v.<br>WARDEN, DELANEY HALL DETENTION FACILITY, *et al.*,<br>*Respondents*. | Civil Action No. 26-cv-14188<br>**ORDER**<br>November 24, 2026 |

**THIS MATTER** comes before the Court upon the Petition for a Writ of Habeas Corpus ("Petition") filed by Petitioner, Dario Gonzalo Taday-Mishqui, through his next friend ("Petitioner"), pursuant to 28 U.S.C. § 2241, challenging his continued immigration detention. (ECF No. 1.) Respondents oppose the Petition, arguing that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii). (ECF No. 5.)

According to Respondents, Petitioner is a native and citizen of Ecuador who entered the United States without inspection on April 11, 2024, was placed in expedited removal proceedings, and received a positive credible-fear determination. (*Id.* at 1–2, ECF No. 5-2.) An Immigration Judge subsequently denied Petitioner's asylum application and ordered him removed on March 24, 2026. (*Id.* at 2, ECF No. 5-3.) On April 22, 2026, Petitioner appealed that decision, and his appeal remains pending before the Board of Immigration Appeals. (ECF No. 5-1 at 3.) Respondents further acknowledge that Petitioner was previously enrolled in an ICE Alternatives to Detention ("ATD") program involving GPS monitoring (ECF No. 5-1 at 2), which ICE

terminated on October 23, 2026. (ECF No. 5 at 2.) Respondents indicated that Petitioner was detained by ICE on that same day, and not offered bond because he violated ATD program requirements. (ECF No. 5-2 at 3.)

The Court finds that Respondents have not established that Petitioner's present detention is authorized under § 1225(b)(1). Respondents acknowledge that Petitioner was previously released from immigration custody and placed in an ICE ATD program involving GPS monitoring. (ECF No. 5-1 at 2.) However, Respondents do not identify the statutory authority under which Petitioner was released or establish that his subsequent re-arrest was authorized under § 1225(b)(1). The Court therefore finds that Respondents have failed to establish that Petitioner's present detention is governed by that provision.

Moreover, because Petitioner's appeal of the Immigration Judge's March 24, 2026 removal order remains pending before the Board of Immigration Appeals (ECF No. 5-1 at 3), that order is not administratively final. *See* 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(a). Accordingly, § 1231 does not presently provide an alternative statutory basis for Petitioner's detention.

Nor can Respondents cure their failure to establish mandatory detention under § 1225(b)(1) by invoking § 1226(a) as an alternative basis for custody. (*See* ECF No. 5 at 3–4.) Respondents have not established the statutory authority governing Petitioner's original release or otherwise explained the legal basis for his October 23, 2026 re-arrest. The Court will not presume that Petitioner's present detention is authorized under a different statutory provision without an adequate factual and legal basis in the record. *See Rivera Zumba v. Bondi*, No. 25-cv-14626 (KSH), 2025 WL 2753496, at *10-11 (D.N.J. Sept. 26, 2025).

For these reasons, the Court concludes that Respondents have failed to establish that Petitioner's continued detention is statutorily authorized. Accordingly,

**IT IS** on this 24th day of November 2026,

**ORDERED** that the Petition for a Writ of Habeas Corpus (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Respondents shall **RELEASE** Petitioner from immigration custody within twenty-four (24) hours of the entry of this Order; and it is further

**ORDERED** that within three (3) days of Petitioner's release, Respondents shall file a letter confirming his release; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

**Hon. Karen M. Williams,**
**United States District Judge**